UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY A. BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>US DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | No. 2:17-cv-01903 GEB CKD (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se and in forma pauperis. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

On September 22, 2017, the original complaint in this action was dismissed for failure to state a claim, and plaintiff was granted leave to amend. Before the court for review is plaintiff's first amended complaint ("FAC"). (ECF No. 4.)

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As with the original complaint, the court finds the allegations in the FAC so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

Plaintiff's allegations concern his medical care when he was a federal inmate at the Federal Correctional Institution in Herlong, California. In amending the complaint, plaintiff is advised of the following: Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional

violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Moreover, there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). The FAC fails to causally link any defendant to acts which caused a constitutional injury.

The Federal Tort Claims Act provides for recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment.  28 U.S.C. §§ 1346(b), 2674.  The FTCA provides that the United States shall be liable in tort suits "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  It is the exclusive waiver of sovereign immunity for suits against the United States sounding in tort.  28 U.S.C. § 1346(b).

The FTCA can extend tort liability to the U.S. government if the facts show that the actions taken amount to negligence under California law.  The elements of a negligence claim are duty, breach of duty, proximate cause, and damages.  In a California medical malpractice suit, the plaintiff must show "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty;(3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Hernandez ex rel. Telles-Hernandez v. Sutter Med. Ctr. of Santa Rosa, 2008 WL 2156987, at *9 n. 23 (N.D.2008) (quoting Hanson v. Grode, 76 Cal.App.4th 601, 606 (1999)).

Lawsuits alleging tort claims against the United States cannot be commenced until after the plaintiff's administrative claim has been denied or until six months have passed with no agency action on the claim.  See 28 U.S.C. § 2675(a).  These requirements are prerequisites to the FTCA's waiver of sovereign immunity and  interpreted strictly.  See Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006).

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation

3

of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 4) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 24, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/benn1903.fac